## CIRCUIT COURT OF LOUDOUN COUNTY

Philip Y. Hahn

v.

J. C. Land, Inc.

April 9, 1999

Case No. (Chancery) 17893

BY JUDGE THOMAS D. HORNE

The instant chancery cause was heard by the court on April 8, 1999. Philip Y. Hahn appeared *pro se*, and the defendant appeared by counsel. Prior to hearing evidence as to the issues joined in the bill and answer, complainant proffered to the court that he was receiving water through a different line than that described in his pleading. Based upon the proffer, the Court proceeded to decide the only issue remaining to be decided in the case. That issue was to what, if any, damages the complainant is entitled as a result of defendant's having damaged an underground waterline transversing the property of the defendant. This line had for a number of years furnished water to the complainant's premises.

Defendant is the current owner of the property under which a buried waterline ran. At the time of the institution of these proceedings, this line carried water from a metered junction with the line maintained by the Town of Purcellville to the home of the owner, the complainant. The evidence of the complainant fails to establish that the defendant knew or had reason to know of the existence of the line at the time it acquired the property. Although meters were visible on the street, the exact location of the lines served by the meters was unknown to the defendant.

In order to find for the complainant, the Court must conclude that at the time the excavating work was performed by the defendant on its property, an

easement either by grant or prescription existed across the property of the defendant and that the complainant was damaged as a result of the excavation work performed by the defendant. No such easement has been established in this case.

There is no evidence of an easement by grant. In order to establish an easement by prescription, the complainant must prove that the use was adverse, under a claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the landowner for at least twenty years. *Robertson v. Robertson*, 214 Va. 76 (1973). The law only imputes to the purchaser of a servient lot such knowledge as he would have acquired by the use of due diligence. 6B M.J., *Easements*, § 22. In the instant case, the location of the mains and the surrounding properties are not facts which would put a purchaser of the property on notice that it was burdened by an easement.

Accordingly, the bill will be dismissed and the case placed among the ended causes.